IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEBORAH SEKAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CACH, LLC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DEBORAH SEKAN, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the Defendant, CACH, LLC., the Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DEBORAH SEKAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Elkhart, County of Elkhart, State of Indiana.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Bank of America, N.A., (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Bank of America, N.A., was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. CACH, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant is registered as a limited liability company in the State of Colorado.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. Since in or around January 2010, Plaintiff has been tendering monthly payments towards the Debt to the Scott Lowery Law Office (hereinafter, "Lowery"), a debt collector as the term is defined by 15 U.S.C. §1692a(6).

16. Upon information and belief, prior to in or around January 2010, Defendant, as the owner of the Debt, assigned the Debt to Lowery for collection purposes.

17. In or around April 2013, Plaintiff obtained a copy of her credit report from a "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq*.

18. In her credit report, the tradeline relative to the Debt that was being reported by Defendant reflected that the account was in collections; however, the tradeline did not reflect Plaintiff's monthly payments towards the Debt.

19. The tradeline relative to the Debt also failed to indicate that Plaintiff was in a payment arrangement relative to the Debt and that she been tendering payments towards the Debt since in or around January 2010.

20. Subsequent to Plaintiff's discovery that her payments towards the Debt were not being reported by Defendant, Plaintiff initiated a telephone call to Lowery.

21. During the course of the aforesaid telephone conversation between Plaintiff and Lowery, Plaintiff was advised that Lowery no longer serviced Plaintiff's account and that Plaintiff's account had been returned to Defendant.

22. Plaintiff ended the aforesaid telephone, and initiated a telephone call to Defendant.

23. During the course of the aforesaid telephone call between Plaintiff and Defendant, Plaintiff conveyed the history of her communications with Lowery.

24. In response, Defendant failed to provide any information to Plaintiff relative to the Debt. Defendant informed Plaintiff that it had no record of Plaintiff's payments relative to the Debt.

25. Further, Defendant could not identify the company that was servicing Plaintiff's account and was collecting payments on it.

26. Even though Plaintiff called Defendant at least three (3) additional times and was transferred to at least (4) different individuals, each of Defendant's representatives that communicated with Plaintiff failed to provide Plaintiff with any information relative to her account.

27. Subsequent to Plaintiff's aforesaid telephone calls to Defendant, initiated a telephone call to Lowery.

28. During the course of the aforesaid telephone call between Plaintiff and Lowery, Plaintiff was advised that her payments relative to the Debt were being forwarded to Redline Recovery Services, LLC., (hereinafter "Redline), a debt collector as the term is defined by 15 U.S.C. §1692a(6).

29. Plaintiff was told that Redline was the current debt collector that was servicing the Debt.

30. Prior to Plaintiff's discovery that the Debt was being serviced by Redline, Defendant failed to notify Plaintiff that the Debt had been taken back from Lowery and that the Debt was subsequently transferred for collection to Redline.

31. Defendant's failure to provide Plaintiff with any information relative to her account, its failure to provide Plaintiff with notice that her account was no longer serviced by Lowery, and its failure to provide Plaintiff with notice that her account was being serviced by Redline, constituted unfair and unconscionable means to collect the Debt.

32. Defendant's failure to provide Plaintiff with any information relative to her account, its failure to provide Plaintiff with notice that her account was no longer serviced by Lowery, and its failure to provide Plaintiff with notice that her account was being serviced by Redline, constituted false, deceptive, and misleading means to collect the Debt.

33. On or about June 7, 2013, Plaintiff obtained a copy of her credit report from a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C. §1681 *et seq.*

34. The tradeline relative to the Debt, as reported by Defendant, indicated that the date of the last activity with the original creditor of the Debt was April 15, 2013.

35. The date of the last activity with the original creditor of the Debt is not April 15, 2013, as the Debt was charged off by Bank of America, N.A., the original creditor of the Debt, prior to in or around November 2009.

36. Upon information and belief, Defendant, as the current owner of the Debt, had documents in it possession that showed that the Debt was charged off by the original creditor prior to in or around November 2009.

37. Given that the original creditor of the Debt charged off the Debt prior to in or around November 2009, Defendant's reporting relative to the Debt, specifically that the date of the last activity with the original creditor of the Debt was April 15, 2013, was false, deceptive and misleading.

38. Defendant, by communicating to a "consumer reporting agency" as that term is defined by FCRA, that the date of the last activity with the original creditor of the Debt was April 15, 2013, communicated credit information which was false or which should have been known to be false by Defendant, given that original creditor of the Debt charged off the Debt prior to in or around November 2009.

39. In its attempts to collect the debt allegedly owed by Plaintiff to Bank of America, N.A., Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

40. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

41. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBORAH SEKAN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DEBORAH SEKAN**

By: _/s/ David M. Marco_
David M. Marco
Attorney for Plaintiff

Dated: January 13, 2014

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com